IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PACK,<br><br>  Plaintiff,<br><br>  v.<br><br>HOGE FENTON JONES & APPEL, INC., et al.,<br><br>  Defendants. | Case Nos. 12-cv-4512-SC<br>             12-cv-4513-SC<br><br>ORDER TERMINATING AND REMANDING CIVIL CASES; GRANTING ATTORNEY FEE REQUEST; ORDERING SUPPLEMENTAL BRIEFING; RETAINING JURISDICTION OVER <u>MOTIONS FOR SANCTIONS</u> |

    For the reasons set forth below, the Court terminates Case No. 12-cv-4512-SC and remands Case No. 12-cv-4513-SC but retains jurisdiction over the pending motions for sanctions that have been filed in both cases.  The Court also grants Defendants' request for attorney fees incurred as a result of removal, but defers ruling on the amount of the award and the question of who must pay.  The Court orders supplemental briefing on those issues.  No oral argument shall be held in these matters.  Civ. L.R. 7-1(b).

**I.    BACKGROUND**

    Plaintiff Robert Pack has filed two civil cases against Hoge Fenton Jones & Appel, Inc., a law firm that formerly represented him, and attorneys affiliated with the firm (collectively, "Defendants").  Case Nos. 12-cv-4512-SC (the "'12 case"), 12-cv-

4513-SC (the "'13 case").  In the '12 case, Mr. Pack asserts claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the civil RICO statute, 18 U.S.C. § 1962.  In the '13 case, Mr. Pack asserts claims for legal malpractice and breach of fiduciary duty.  The '13 case was originally filed in the California Superior Court for Alameda County on January 14, 2011 and assigned case number RG11556084.[1]  However, Mr. Pack, notwithstanding his status as a plaintiff, removed that case to this Court on the same day that he filed the '12 case, i.e., August 28, 2012.  On September 19, 2012, the Court related the two cases.

On September 16, 2012, Defendants moved to remand the '13 case to state court on the ground that Mr. Pack, as a plaintiff, had no right to remove to federal court.  That motion was set for hearing on December 7, 2012.[2]

On October 24, 2012, Defendants filed a motion to dismiss in the '12 case, which was set for hearing on December 7, 2012, and a motion for sanctions in the '13 case, which also was set for hearing on December 7, 2012.[3]  The thrust of this motion for

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the filing date, venue, and case number of Mr. Pack's original state court complaint, as provided in Defendants' unopposed request for judicial notice.  Case. No. 12-cv-4513-SC, Dkt. No. 13, Ex. A.

[2] The motion to remand was fully briefed.  See Case No. 12-cv-4513-SC, Dkt. Nos. 12 ("MTR"), 19 ("MTR Opp'n"), 22 ("MTR Reply").

[3] The motion to dismiss was unopposed by Mr. Pack, who, in contravention of this Court's Civil Local Rule 7-3(b), failed to file either an opposition or statement of nonopposition.  See Case. No. 12-cv-4512-SC, Dkt. Nos. 28 ("MTD"), 34 ("MTD Reply").  The motion for sanctions filed in the '13 case was fully briefed.  See Case. No. 12-cv-4513-SC, Dkt. Nos. 20 ("'13 MFS"), 27 ("'13 MFS Opp'n"), 28 ("'13 MFS Reply").

2

sanctions is that Mr. Pack's removal to federal court was frivolous in light of his status as a plaintiff. See '13 MFS at 3.

On November 16, 2012, Defendants filed a second motion for sanctions, this time in the '12 case.[4] The thrust of this motion for sanctions is that the legal claims asserted in the '12 case are frivolous and presented for an improper purpose. See '12 MFS at 3-4. This motion, too, was set for hearing on December 7, 2012.

On December 4, 2012, Mr. Pack filed a notice of voluntary dismissal in the '12 case. Case. No. 12-cv-4512-SC, Dkt. No. 40. The same day, Mr. Pack also withdrew a motion to consolidate the '12 and '13 cases which, as Mr. Pack noted, was moot in light of his voluntary dismissal of the '12 case. Case. Nos. 12-cv-4512-SC, Dkt. No. 40; 12-cv-4513-SC, Dkt. No. 31. Mr. Pack's notice stated that "his filings were done and maintained in good faith and with cause -- and that the conduct was never frivolous . . . ." Id.

## II. DISCUSSION

### A. The '12 Case

Mr. Pack is entitled to voluntary dismissal of the '12 case without leave of the Court because he filed his notice of voluntary dismissal before service of an answer in that case or a motion for summary judgment, neither of which Defendants have filed. See Fed. R. Civ. P. 41(a)(1). The '12 case is dismissed and shall be administratively terminated. The unopposed motion for involuntary dismissal in the '12 case, Dkt. No. 28, is therefore moot.

---

[4] The motion for sanctions filed in the '12 case was fully briefed. See Case. No. 12-cv-4512-SC, Dkt. Nos. 35 ("'12 MFS"), 38 ("'12 MFS Opp'n"), 39 ("'12 MFS Reply").

However, Mr. Pack's voluntary dismissal of the '12 case does not divest this Court of jurisdiction to hear the motion for sanctions still pending in connection with it. See <u>Williamson Family Trust v. CIT Group/Consumer Fin., Inc.</u>, 205 F. App'x 616, 617 (9th Cir. 2006) (citing <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395 (1990)); see also <u>United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA</u>, 545 F.3d 1134, 1145 n.6 (9th Cir. 2008) (affirming <u>Cooter & Gell</u>'s holding that district courts may consider collateral issues "such as attorney fees or sanctions" following voluntary dismissal). The Court retains jurisdiction over Mr. Pack and his counsel for purposes of the pending motion for sanctions filed in the '12 case. Mr. Pack has had an opportunity to be heard on that motion and in fact has filed an opposition brief. See <u>Williamson Family Trust</u>, 205 F. App'x at 618 (due process requires opportunity to be heard but not an oral or evidentiary hearing). The Court will issue a written order disposing of the motion when it resolves the attorney fee award issue detailed below in Section II.B.2.

**B. <u>The '13 Case</u>**

    **1. Motion to Remand**

It is undisputed that the case Mr. Pack removed from California state court is one in which he was the plaintiff. However, the plain language of the general federal removal statute authorizes only defendants to remove:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, <u>may be removed by the defendant or the defendants</u>, to the district court of the United States for

4

```
                    the district and division embracing the place
                    where such action is pending.
```
28 U.S.C. § 1441(a) (emphasis added); see also id. § 1446 (setting forth procedures for removal by defendants but omitting any mention of removal by plaintiffs); Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.) ("[P]laintiffs cannot remove[.]").

Mr. Pack's opposition brief is no model of clarity, but he appears to argue that removal was warranted because of the "underlying federal nature" of his claims. It is true that, in some cases, the underlying federal nature of a plaintiff's claims may give a defendant a right to remove to federal court. E.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (setting forth test for removal on federal-question grounds of state law claims that embed federal issues). Mr. Pack cites no authority, however, for the novel proposition that such claims could give a plaintiff a right to remove, nor is the Court aware of any. In light of the plain language of § 1441(a), the Court holds that Mr. Pack, as plaintiff, had no right to remove.[5] Accordingly, Defendants' motion to remand the '13 case is GRANTED.

### 2.  Motion for Attorney Fees

Defendants seek an award of the attorney fees they incurred in connection with Mr. Pack's improper removal to federal court. MTR at 7-8; MTR Reply at 3. An order remanding an improperly removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

---

[5] Even if Mr. Pack had such a right, which he did not, removal was untimely and procedurally improper for the reasons set forth in Defendants' motion to remand. MTR at 6-7.

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id.  Removal, however, "is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).  Instead, the objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.

This case presents a paradigmatic example of objectively unreasonable removal.  As a preliminary matter, the Court notes that Mr. Pack is represented by counsel and therefore not entitled to the lenience afforded unrepresented litigants. Cf. Astoria Fed. Sav. & Loan Ass'n v. Kunewa, C 12-1069 CW, 2012 WL 1222889, at *2 (N.D. Cal. Apr. 11, 2012) (explaining that, with respect to § 1447(c) attorney fee requests, courts give "significant weight" to a removing party's pro se status; collecting cases).  In this case, the question of whether plaintiffs may remove their own cases to federal court is neither complex nor novel.  It turns on the plain language of a federal statute whose basic contours have been settled for 125 years. See Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3721 (4th ed.) (§ 1441 "is closely patterned after" an 1887 law that "limited the right of removal to defendants"). Clearer authority would be hard to come by.

6

Further, this authority clearly foreclosed any argument that a plaintiff such as Mr. Pack could make in support of removal. Even a desultory consultation of the applicable statutes would have revealed to Mr. Pack and his counsel that, as a plaintiff, he was not permitted to remove. See 28 U.S.C. §§ 1441, 1446 (authorizing removal by defendants but silent as to plaintiffs).

The Court would be acting within its discretion to deny Defendants' request for the attorney fees incurred in connection with remand, but doing so would fail to deter objectively unreasonable removals like the one that occurred in this case. Mr. Pack's removal has squandered valuable resources -- this Court's, the state court's, and Defendants'.

Accordingly, the Court GRANTS Defendants' motion for attorney fees incurred in connection with removal to this Court. The Court, however, DEFERS ruling on the amount of the attorney fee award and ORDERS supplemental briefing on that issue, as well as the issue of who should pay -- Mr. Pack, his counsel, or both.[6] The Court also ORDERS Mr. Pack's counsel, Russell A. Robinson (SBN 163937), to provide a true and complete copy of this Order to Mr. Pack and to

---

[6] Defendants seek attorney fees in the amount of "at least $13,941.00" from Mr. Pack "and/or" his counsel. MTR Reply at 3. The request is problematic for two reasons. First, "and/or" will not do. Defendants must articulate a principled, reasonable basis for why Mr. Pack, his lawyer, or both should be made to pay the attorney fee award. Second, although Defendants have submitted declarations concerning the number of hours their lawyers spent and the fees incurred, that is not all that is required. For example, "the party seeking an award of attorneys' fees bears the burden of producing 'satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Andrews v. Lawrence Livermore Nat. Sec., LLC, C 11-3930 CW, 2012 WL 160117, at *1 (N.D. Cal. Jan. 18, 2012)(emphasis added) (quoting Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008)).

electronically file with this Court a declaration confirming he has done so within five (5) days of the signature date of this Order.

### III. CONCLUSION

For the foregoing reasons, the Court orders the Clerk to TERMINATE Case No. 12-cv-4512-SC. The Clerk shall terminate the now-moot motion to dismiss pending in that case, Dkt. No. 28, but shall not terminate the pending motion for sanctions, Dkt. No. 35, over which this Court retains jurisdiction.

The Court GRANTS Defendants' motion to remand Case No. 12-cv-4513-SC. That case is hereby REMANDED to the California Superior Court for Alameda County, where it bore case number RG11556084. The Court, however, retains jurisdiction over the motion for sanctions pending in that case, Dkt. No. 20, which shall not be terminated.

The Court DEFERS ruling on both sanctions motions.

The Court GRANTS Defendants' motion for attorney fees incurred as a result of Plaintiff Robert Pack's objectively unreasonable removal to federal court. The Court DEFERS ruling on the issues of (1) the size of the award and (2) whether Mr. Pack or his counsel, Russell A. Robinson, or both, must pay the award. The Court ORDERS supplemental briefing on those issues, as follows:

- Defendants shall electronically file a brief of no more than eight (8) pages, exclusive of supporting evidentiary materials. Defendants' brief is due twenty-one (21) days from the signature date of this Order.
- Mr. Pack may electronically file a responsive brief of no more than six (6) pages, exclusive of supporting

evidentiary materials.  Mr. Pack's brief, if any, is due seven (7) days after Defendants electronically file their brief.

Mr. Robinson shall, within five (5) days of the signature date of this Order, provide a true and complete copy of this Order to Mr. Pack and electronically file with the Court a declaration that he has done so.

IT IS SO ORDERED.

Dated: December 7, 2012    

UNITED STATES DISTRICT JUDGE