United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PACK,<br><br>Plaintiff,<br><br>v.<br><br>HOGE FENTON JONES & APPEL, INC., et al.,<br><br>Defendants. | Case Nos. 12-cv-4512-SC<br>12-cv-4513-SC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AND AWARDING ATTORNEY FEES |

**I. INTRODUCTION**

Plaintiff Robert Pack has filed two civil cases against Hoge Fenton Jones & Appel, Inc., a law firm that formerly represented him, and attorneys affiliated with the firm (collectively, "Defendants"). Case Nos. 12-cv-4512-SC (the "'12 Action"), 12-cv-4513-SC (the "'13 Action"). Mr. Pack voluntarily dismissed the '12 Action, but the Court has retained jurisdiction over the matter for the limited purpose of adjudicating Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. '12 Action Dkt. Nos. 40, 43 ("Dec. 7 Order"). That motion is fully briefed. '12 Action Dkt. Nos. 35 ("MFS"), 38 ("MFS Opp'n"), 39 ("MFS Reply"). The '13 action has been remanded to state court,

United States District Court
For the Northern District of California

but the Court has also retained jurisdiction over that matter for the purpose of assessing attorney fees. Dec. 7 Order at 8. For the reasons set forth below, the Court GRANTS Defendants' Motion for Sanctions in the '12 Action and awards Defendants sanctions in the amount of $10,000. The Court also awards Defendants $5,000 in attorneys' fees in connection with the '13 Action.[1]

## II. BACKGROUND

The procedural history of the '12 and '13 Actions is somewhat tortured. Both cases arise out of an underlying federal action in which Defendants represented Mr. Pack, Pack v. McCausland, 01-cv-02685-VRW (N.D. Cal.) (the "underlying action"). Mr. Pack was dissatisfied with Defendants' representation in the underlying action and, on January 14, 2011, filed an action for legal malpractice, breach of fiduciary duty, and emotional distress against Defendants in Alameda County Superior Court. '12 Action Dkt. No. 18 ("RJN") Ex. A.

After Mr. Pack amended his complaint several times, the state court struck, with prejudice, his claim for emotional distress on July 27, 2011. RJN Ex. E. On September 30, 2011, the Court also struck Mr. Pack's prayer for punitive damages with prejudice. RJN Ex. E. As to Mr. Pack's prayer for punitive damages, the state court found:

> The facts alleged do not support the conclusions that Defendants were guilty of

[1] Also pending before the Court is Defendants' motion for sanctions in the '13 Action. '13 Action Dkt. No. 20. That motion is DENIED as moot, as the Court is awarding Defendants attorney fees under under 28 U.S.C. § 1447(c) in connection with Mr. Pack's improper removal.

> malice, oppression, or fraud. The facts alleged show negligent conduct during Defendants' representation of Plaintiff. The allegations of omissions and affirmative representations made by Defendants are related and intertwined with the allegedly negligent legal work, and not sufficient to support a fraud claim. Plainitffs' allegations do not show that Defendants intended to harm Plaintiff, or that their conduct was despicable and committed with willful and conscious disregard of Plaintiff's rights. The Court's ruling is without prejudice to Plaintiff's right to seek leave to amend if facts are discovered to support an allegation that Defendants committed despicable conduct . . . .

Id. On November 22, 2011, the state court set trial for September 4, 2012, noting that Mr. Pack had waived his request for a jury trial. RJN Ex. F.

On June 29, 2012, after the state court action had been pending for over eighteen months, Mr. Pack, through his new counsel Russell A. Robinson, sought leave to amend his complaint for a third time so as to assert claims for fraud/misrepresentation and punitive damages and to revive his jury trial demand. RJN Ex. G. Mr. Pack's motion was denied on July 19, 2012. RJN Ex. I. The Court reasoned:

> Plaintiff has not shown that his new claims are based on evidence that was only recently discovered, has not shown that he acted diligently to discover the facts, and has not shown that he acted promptly upon discovery of the relevant facts. . . . . The attempt to add a demand for jury trial is simply improper. . . . . The declaration of Russell A. Robinson is inaccurate with respect to the nature of the amendments, and does not provide an adequate explanation for the failure to seek leave to amend sooner or why the amendment is necessary.

Id.

United States District Court
For the Northern District of California

On August 28, 2012, about one month after this ruling and one month before the state court action was set for trial, Mr. Pack removed the case to federal court, where it was filed as the '13 action. '13 Action Dkt. No. 1. On the same day, Mr. Pack filed the '12 Action in federal court. '12 Action Dkt. No. 1 ("'12 Compl."). The '12 Action involves many of the claims previously asserted in the state court action, including claims for breach of contract, fraud/negligent misrepresentation, a request for punitive damages, and a demand for a jury trial. Id. The only federal claim asserted in the '12 Action is for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. The '12 and '13 Action were later related and assigned to the undersigned. '13 Action Dkt. No. 11.

On September 26, 2012, Defendants moved to dismiss the '12 Complaint, arguing, among other things, that Mr. Pack's claims failed as a matter of law and were barred by the relevant statute of limitations. '12 Action Dkt. No. 17. Instead of responding to the motion, Mr. Pack filed an amended complaint, which asserted the same claims as the original complaint. '12 Action Dkt. No. 22 ("'12 FAC"). Defendants again moved to dismiss and also moved for Rule 11 Sanctions. '12 Action Dkt. No. 28 ("MTD '12 Compl."); MFS. Mr. Pack did not oppose the motion to dismiss and subsequently filed a notice of voluntary dismissal. '12 Action Dkt. No. 40. Defendants also moved to remand the '13 Action and moved for Rule 11 sanctions and attorneys' fees in connection with Mr. Pack's improper removal. '13 Action Dkt Nos. 12, 20.

On December 7, 2012, the Court issued an order on Defendants' pending motions in the '12 and '13 Actions. With respect to the

United States District Court
For the Northern District of California

'13 Action, the Court granted Defendants' motion to remand, reasoning that, in light of the plain language of 28 U.S.C. § 1441(a), a plaintiff has no right to remove to federal court. Dec. 7 Order at 4-5. The Court found that, because Mr. Pack's removal was objectively unreasonable, Defendants were entitled to attorney fees. Id. at 5-6. The Court deferred ruling on the amount of the attorney fee award pending supplemental briefing on the reasonability of its fee request and on the issue of who should pay -- Mr. Pack, his counsel, or both. Id. at 7 n.6. As to the '12 Action, the Court found that Mr. Pack's voluntary dismissal did not divest the Court of jurisdiction to hear the pending Motion for Sanctions, but deferred ruling on that motion. Id. at 4.

Defendants have since filed supplemental briefing, as well as supporting declarations, concerning attorney fees and other issues raised by the December 7 Order. '12 Action Dkt. Nos. 45 ("Supp. Br."), 45-1 ("Krieg Decl."), 45-5 ("Lane Decl."), 45-8 ("Field Decl."). Mr. Pack declined to file a response.

## III. DISCUSSION

### A. Motion for Sanctions in the '12 Action

Under Rule 11 of the Federal Rules of Civil Procedure, the Court may impose sanctions against a party or attorney when a pleading is filed for an improper purpose, when the legal contentions are not warranted by existing law or a nonfrivolous argument for the extension of existing law, or when the factual contentions lack evidentiary support. Fed. R. Civ. P. 11(b)-(c). "The rule provides two independent bases for the imposition of sanctions: [1] if a pleading is frivolous and [2] if it has been

filed for an improper purpose." Westlake N. Property Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir. 1990). The standard governing both bases is objective. G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). "[T]he subjective intent of the pleader . . . to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable [person]' against which conduct is tested is a competent attorney admitted to practice before the district court." Zaldivar v. City of L.A., 780 F.2d 823, 830 (9th Cir. 1986).

The Court finds that Rule 11 sanctions are appropriate here because the claims asserted in the '12 Action are frivolous. As discussed below, the fraud claim asserted in the '12 Action has already been rejected by the state court, the other state law claims asserted in the '12 Action are clearly time-barred, and the '12 Action's RICO claim is frivolous. Further, the timing of the '12 Action demonstrates that it was filed for an improper purpose: avoiding the state court's adverse rulings through forum shopping. Mr. Pack filed '12 Action on August 28, 2012, the same day that he improperly removed the '13 Action, about a month after the state court denied his motion for leave to amend, and about a month before the state court action was set for trial. Mr. Pack offers no alternative explanation for the timing of the '12 Action. Nor does he offer a coherent explanation of why the claims asserted in the '12 Action have merit or what diligence, if any, his counsel performed prior to filing these claims. The Court reviews each of these claims below.

Mr. Pack's fraud claim is substantially similar to the claims he tried to assert in state court. Compare '12 FAC ¶¶ 70-97 with

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

RJN Exs. D ¶¶ 54-64, G ¶¶ 82-93. The gravamen of these allegations is that Defendants misrepresented their level of experience with federal practice; that Mr. Pack relied on these misrepresentations; that Defendants' legal representation in the underlying action was deficient; and that Defendants abandoned their representation of Mr. Pack to avoid further problems resulting from their negligence. See '12 FAC ¶¶ 70-97; RJN Exs. D ¶¶ 54-64, G ¶¶ 82-93. The state court rejected these claims on numerous occasions, dismissing a fraud-based claim asserted in Mr. Pack's second amended complaint with prejudice and, after discovery, denying Mr. Pack's motion to amend his complaint to assert a new claim for fraud. See RJN Exs. E, I.

Mr. Pack suggests that he may now re-assert his previously dismissed fraud claim because it is based on new information obtained through the depositions of Paul Breen and Samuel Goldstein and because the state court only rejected his new fraud claim on procedural grounds. Opp'n at 2. These arguments are unfounded. First, Mr. Pack never explains what new information was discovered through the depositions, and the state court has already held that Mr. Goldstein's deposition was "unrelated to any of the new [fraud] claims [asserted] by [Mr. Pack]." Second, the fraud claim asserted in the '12 Action incorporates many of the allegations and theories asserted in Mr. Pack's second amended complaint in state court. Compare '12 SAC ¶¶ 79-84 with RJN Ex. D ¶¶ 55(a)-64. Mr. Pack does not dispute that the state court dismissed these claims with prejudice on substantive grounds. Third, Mr. Pack appears to be arguing that forum shopping is acceptable, so long as it is used to avoid a procedural, rather than a substantive decision. The Court

disagrees. Under Mr. Pack's logic, no decision made on procedural grounds would ever be final.[2]

The frivolous nature of the '12 Action is further underscored by the fact that Mr. Pack's other state law claims for breach of contract and breach of the covenant of good faith and fair dealing ("bad faith") are clearly time-barred. In the '12 Complaint, Mr. Pack alleged that these claims are not time-barred because the parties entered into several tolling agreements which expired on October 31, 2010, and because the relevant statute of limitations is four years. '12 Compl. ¶ 13. But as Defendants pointed out in their Motion to Dismiss the '12 Complaint, this is a clear misstatement of California law. MTD '12 Compl. at 17. Under section 340.6(a) of the California Code of Civil Procedure, "[a]n action against an attorney for a wrongful act or omission . . . shall be commenced within one year after the plaintiff discovers . . . the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."

In this case, Mr. Pack was clearly aware of the Defendants' allegedly wrongful acts by January 2011 -- when he filed his state court action -- but he did not file the '12 Action until August 2012. Further, since Mr. Pack alleges that Defendants terminated

[2] Mr. Pack also suggests that he was not forum shopping to avoid an adverse state court ruling because the state court denied Defendants' motion for summary judgment, which he describes as "the single most critical -- biggest -- motion of the entire case." Opp'n at 2. But the fact that Mr. Pack survived a motion for summary judgment does not mean that he lacked an incentive to avoid the state court's other adverse rulings. Indeed, if Mr. Pack was so confident about his chances in state court, it is unclear why he decided to (improperly) remove on the eve of trial.

their representation of him in 2006, the misconduct alleged must have occurred more than four years prior to the filing of the '12 Action. As Defendants raised the statute of limitations issue in their Motion to Dismiss the '12 Complaint, Mr. Pack must have been aware of it when he amended his pleading. Instead of abandoning his claims for breach of contract and bad faith in the '12 FAC, he reasserted them. '12 FAC ¶¶ 98-107. He also reasserted his misstatement of the relevant statute of limitations. Id. ¶ 13. Mr. Pack's conduct amounts to a clear violation of Rule 11(b)(2) since a reasonable inquiry would have shown that there was no legal support for his claims. Mr. Pack apparently concedes this point, as he does not address the issue in his opposition to Defendants' Motion for Sanctions.

The RICO claims asserted in the '12 Action are also frivolous. Mr. Pack alleges violations of 18 U.S.C. § 1962(b), which makes it unlawful "for or any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain . . . any interest in or control of any enterprise which is engaged in . . . interstate or foreign commerce," as well as § 1962(c), which makes it unlawful "for any person . . . associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Among other things, Mr. Pack failed to allege a "pattern" or a "racketeering activity" in either the '12 Complaint or the '12 FAC. See '12 Compl. ¶¶ 95-101; '12 FAC ¶¶ 104-127. In fact, Mr. Pack's entire '12 Action appears to be nothing more than an improper attempt to transform a simple state-

United States District Court
For the Northern District of California

law billing dispute into a federal claim for treble damages. See Mitchell v. Kaiser Found. Health Plan, Inc., C 09-05306 RS, 2010 WL 5387712, at *3 (N.D. Cal. Dec. 22, 2010) ("series of hospital billing statements in relation to a single event cannot be considered a 'pattern' of RICO activity").

Mr. Pack's opposition to Defendants' Motion for Sanctions does not seriously address this point. Instead, Mr. Pack merely cites to the Eighth Circuit's opinion in Handeen v. Lemaire, 112 F.3d 1339 (8th Cir. 1997), for the unremarkable proposition that attorneys may be sued under RICO. Opp'n at 3-4. The Court does not dispute that any number of professionals, including lawyers, doctors, and tailors, may be named as defendants in a RICO action. However, the pertinent question is generally whether those defendants engaged in a pattern of racketeering activity. Mr. Pack has offered no plausible allegations of a pattern of racketeering here. Further, contrary to Mr. Pack's assertion, Handeen is readily distinguishable from the '12 Action. In Handeen, the defendant was convicted of assaulting the plaintiff and the plaintiff later filed a civil suit to recover damages. 112 F.3d at 1343. When the plaintiff attempted to collect on the judgment, the defendant filed for bankruptcy in bad faith. Id. The plaintiff later filed suit against the defendant, his family, and his law firm under the RICO statute, alleging that they had engaged in racketeering activity to conceal the defendant's wages and inflate his expenses in order to minimize the plaintiff's recovery through the bankruptcy process. Id. at 1343-44. The district court granted the law firm's motion for summary judgment and the Eighth Circuit reversed, finding that there was a triable issue of fact as

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

to whether the firm had participated in the racketeering scheme. Id. at 1347, 1355. It is unclear how Handeen could possibly support a finding that Defendants can be held liable under the RICO statute for overbilling a client.

While merely failing to state a claim generally does not constitute sanctionable conduct, this case is unique. First, "[a] RICO cause of action by definition involves complex litigation and high legal costs." Chapman & Cole v. Itel Container Int'l B.V., 865 F.2d 676, 685 (5th Cir. 1989). Accordingly, "an attorney's responsibility to conduct reasonable prefiling investigation is particularly important in RICO claims." Id. In this case, Mr. Pack's attorney has offered no indication that he performed any investigation prior to asserting RICO claims in the '12 Complaint and the '12 FAC. Second, in light of the procedural history, it appears that Mr. Pack's RICO claim -- the only federal claim in the '12 Action -- was merely asserted to avoid state court jurisdiction. See '12 Compl. ¶ 1 (asserting federal question jurisdiction based upon claims arising under the RICO statute); '12 FAC ¶ 1 (same). Third, Mr. Pack was unable to state a RICO claim despite having the benefit of several months of discovery in state court. By the time Mr. Pack filed the '12 Action, his state court action against Defendants had been pending for over eighteen months. Thus, a reasonable review of the law and the facts should have alerted Mr. Pack's attorney that a RICO claim could not be sustained.

In sum, the Court finds that there are ample grounds to conclude that the '12 Action was filed for an improper purpose and that the claims asserted in the '12 Action are frivolous.

United States District Court
For the Northern District of California

**B. Nature of Sanctions in the '12 Action**

Having determined that Rule 11 sanctions are appropriate in the '12 Action, the Court now considers the nature of the appropriate sanction. Rule 11 provides that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Rule 11 also provides that the sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id.

In the '12 Action, Defendants appear to be requesting approximately $29,000 for the attorney fees incurred in filing the Motion for Sanctions, the Motion to Dismiss the '12 Complaint, and the Motion to Dismiss the '12 FAC. See Krieg Decl. Ex. B; Lane Decl. Ex. B.; Field Decl. Ex. B. However, Rule 11 was not intended to be a fee-shifting mechanism, and an award of $29,000 exceeds what is necessary to deter the filing of baseless pleadings. See Calloway v. Marvel Entm't Grp., 9 F.3d 237, 241 (2d Cir. 1993). A more appropriate sanction would be $10,000. As nothing in the record suggests that Mr. Pack is more or less blameworthy than his counsel, Mr. Robinson, this Order will impose joint and several liability for the amount assessed.

**C. Attorneys' Fees in the '13 Action**

In the December 7 Order, the Court determined that Mr. Pack's removal in the '13 Action was objectively unreasonable and granted Defendants' motion for attorney fees incurred in connection with removal. Dec. 7 Order at 7. However, the Court deferred ruling on the amount of the fee award pending supplemental briefing. Id.

United States District Court
For the Northern District of California

Defendants have since submitted supplemental briefing on the issue and the Court finds that the matter is now appropriate for determination.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts in this circuit generally calculate the award of attorneys' fees using the lodestar method, whereby the court "multipl[ies] the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (quotations omitted). "[T]he party seeking an award of attorneys' fees bears the burden of producing 'satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Andrews v. Lawrence Livermore Nat. Sec., LLC, C 11-3930 CW, 2012 WL 160117, at *1 (N.D. Cal. Jan. 18, 2012) (quoting Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008)). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quotations omitted).

In this case, Defendants request $20,396 in attorney fees in connection with the '13 Action. In support of their request, Defendants have submitted declarations by three attorneys, a senior partner, junior partner, and associate, who represented them in

United States District Court
For the Northern District of California

this matter.[3] The Court finds that the hourly rates requested by the Defendants -- $450, $305, and $275 respectively for the senior partner, junior partner, and associate -- are reasonable. However, the hours expended on the motions in the '13 Action are excessive and unnecessary in light of the simplicity of the issues presented. Defendants' attorneys expended over 42 hours on Defendants' motion to remand and another 27 hours on their motion for sanctions in connection with Mr. Pack's improper removal. See Krieg Decl. Ex. B; Lane Decl. Ex. B.; Field Decl. Ex. B. However, as set forth in the December 7 Order, the legal issues involved in Mr. Pack's improper removal are remarkably straightforward: The clear and unambiguous language of 28 U.S.C. § 1441(a) barred Mr. Pack from removing his state action to federal court. Since this case turned on the straightforward application of a well-known, bright-line rule, Defendants' attorneys should have expended no more than eighteen hours on Defendants' motions, which would have amounted to about $5,000 in attorneys' fees.[4]

This leaves the issue of who should pay under 28 U.S.C. § 1447(c), Mr. Pack or his counsel. District courts are divided on the issue, see In re Crescent City Estates, LLC, 588 F.3d 822, 825 (4th Cir. 2009) (collecting cases), and the Ninth Circuit has yet to address it. In Crescent City, the Fourth Circuit held that the party, not the attorney should be held liable under § 1447(c). Id.

---

[3] Defendants also request $2,053.81 in costs in connection with their attorneys' Westlaw charges. This request is denied. Defendants have failed to distinguish between the charges incurred in the '12 and '13 Action. Further, these charges are excessive in light of the simplicity of the legal issues involved in the '13 Action.

[4] Assuming that the senior partner, junior partner, and associate billed 1.5, 2.5, and 13.5 hours, respectively.

**United States District Court**
For the Northern District of California

The Court reasoned that the "American rule" -- which provides that the prevailing litigant is ordinarily not entitled to collect attorney fees from the loser -- "creates the presumption that parties bear their own legal cost, win or lose" and, absent explicit authorization from Congress, courts should "keep the American rule intact."[5] Id. at 825-826. The Court finds this reasoning persuasive.

Accordingly, the Court awards Defendants $5,000 in attorneys' fees in connection with Mr. Pack's improper removal. This amount is to be assessed against Mr. Pack alone.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[5] In contrast, Rule 11 sanctions may be imposed jointly and severally as between a party and his counsel. See Fed. R. Civ. P. 11(c)(1) ("the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation"); Kendrick v. Zanides, 609 F. Supp. 1162, 1173 (N.D. Cal. 1985) (imposing joint and several liability on attorney and party).

United States District Court
For the Northern District of California

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Hoge Fenton Jones and Appel, Inc., Sblend Sblendorio, and Paul Breen's motion for Rule 11 Sanctions in Case Number 12-cv-4512-SC and sanctions Plaintiff Robert Pack and his attorney, Russell A. Robinson in the amount of $10,000. Mr. Robinson and Mr. Pack are jointly and severally liable for the sanctions awarded and the sanction is to be paid to Defendants. As to Case Number 12-cv-4513-SC, the Court awards Defendants $5,000 in attorneys' fees in connection with Mr. Pack's improper removal. These attorneys' fees shall be assessed against Mr. Pack only.

IT IS SO ORDERED.

Dated: January 10, 2013

UNITED STATES DISTRICT JUDGE